# EXHIBIT A

**CATHY PROSSER WILCOX**
**CLERK OF COURTS**
**HANCOCK COUNTY COURT OF COMMON PLEAS**
300 SOUTH MAIN STREET
FINDLAY, OH 45840
(419) 424-7037

**SUMMONS**

Case Number: 2025 CV 00549

**Plaintiff(s):**                                    **Defendant(s):**

HANCOCK LEASING COMPANY LLC    VS        SOLVENZ SERVER FARMS IV, LLC
C/O MARA USA CORPORATION                 C/O HARVARD BUSINESS SERVICES, INC.
101 NE 3RD AVENUE                        REGISTERED AGENT
#1200                                    16192 COASTAL HWY
FORT LAUDERDALE, FL 33301                LEWES, DE 19958

                                         HYPERTEC CONSTRUCTION INC.
                                         9300 ROUTE TRANSCANADIENNE
                                         SAINT-LAURENT (QC) H4S 1K5 CANADA
                                         FINDLAY, OH 45840

TO THE ABOVE-NAMED DEFENDANT(S):

        You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

        You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she/they have/has no attorney of record, a copy of your answer to the complaint within twenty-eight (28) days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

        The name and address of the plaintiff(s) attorney is as follows:

                        NED BABBITT
                312 WALNUT ST SUITE 2000
                CINCINNATI, OH 45202

        If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Date:  December 22, 2025                  Cathy Prosser Wilcox
                                                                    Clerk


                                                                    Deputy Clerk

SUM

**IN THE COURT OF COMMON PLEAS
HANCOCK COUNTY, OHIO**

HANCOCK LEASING COMPANY LLC
c/o MARA USA Corporation
101 NE 3rd Avenue, #1200
Fort Lauderdale, Florida 33301


                    Plaintiff,

     v.

SOLVENZ SERVER FARMS IV, LLC
c/o Harvard Business Services, Inc.
Registered Agent
16192 Coastal HWY
Lewes, DE 19958

AND

HYPERTEC CONSTRUCTION INC.
9300, Route Transcanadienne
Saint-Laurent (QC) H4S 1K5
Canada
                    Defendants.

CASE NO. _____


JUDGE _____

**COMPLAINT**

Plaintiff Hancock Leasing Company LLC ("Hancock"), by its attorneys,  hereby alleges as follows against defendants Solvenz Server Farms IV, LLC ("Solvenz") and Hypertec Construction Inc. ("Hypertec"):

**NATURE OF THE ACTION**

1.        This is an action seeking damages to remedy Solvenz's and Hypertec's brazen failure to honor the plain and unambiguous terms of the parties' agreements, and to compensate Hancock for Solvenz's and Hypertec's willful and material breaches of those agreements.

2.　　　　Hancock is engaged in the business of owning and operating data centers. On October 2, 2024, Hancock and Solvenz entered into a construction agreement pursuant to which Solvenz agreed to construct for Hancock a fully operational and ready-to-use data center facility in Findlay, Ohio (the "Turnkey Agreement").

3.　　　　Solvenz then selected Hypertec as the entity that would supply the necessary equipment for the site.  On October 7, 2024, Hancock and Hypertec entered into an agreement pursuant to which Hancock agreed to purchase equipment for the Findlay Property from Hypertec.

4.　　　　Pursuant to its agreements, Hancock paid Solvenz $4,760,703.22 for professional installation services and paid Hypertec $23,803,516.12 for equipment.[1]

5.　　　　Notwithstanding these payments, and Hancock's full compliance with the terms of its agreements, Solvenz and Hypertec simply failed to perform their contractual obligations.  Solvenz breached the Turnkey Agreement by failing to deliver a turnkey facility. Hypertec breached its agreement with Hancock by failing to deliver ownership and possession of the contracted-for assets.

6.　　　　Despite Hancock's efforts to persuade Solvenz and Hypertec to make good on their obligations, defendants have persistently refused to honor the terms of the parties' agreements.  Even today, notwithstanding repeated demands that the defendants comply with their obligations, Hancock does not have a turnkey facility as it was promised.

7.　　　　Defendants' failure to abide by the terms of the parties' agreements— notwithstanding their knowledge of the significant commercial consequences for Hancock—

---

[1] Copies of the documents comprising the Turnkey Agreement and Hypertec contract are not attached to this Complaint because Solvenz and Hypertec, respectively, already have copies of the relevant documents in their possession and because of the highly confidential and proprietary nature and contents of the documents.

2

constitutes a flagrant violation of Hancock's rights and interests. In addition to the amounts paid by Hancock for construction and equipment that it never received, Hancock's business is also being harmed on a daily basis by virtue of it not having the energy utilization capacity that the turnkey facility would have provided. It therefore brings this action for damages.

<b><u>THE PARTIES</u></b>

8. Plaintiff Hancock is a limited liability company organized and existing under the laws of the State of Delaware.

9. Defendant Solvenz is, on information and belief, a limited liability company organized and existing under the laws of the State of Delaware.

10. Defendant Hypertec is, on information and belief, a company incorporated under the laws of Canada.

<b><u>JURISDICTION, VENUE, AND GOVERNING LAW</u></b>

11. This Court has subject matter jurisdiction over this action under R.C. 2305.01.

12. This Court has personal jurisdiction over defendants Solvenz and Hypertec because both defendants engaged in activities in the State of Ohio that gave rise to the claims against them.

13. Venue in the Court of Common Pleas of Hancock County is proper because this is the county in which the activities that gave rise to the claims occurred.

14. Pursuant to Section 12 of the Turnkey Agreement, Hancock and Solvenz agreed that the Turnkey Agreement and the rights of the parties thereto shall be interpreted in accordance with the laws of the State of New York, and all rights and remedies shall be governed by such laws without regard to principles of conflict of laws.

3

**FACTUAL ALLEGATIONS**

15.     In 2024, Hancock identified a 28-acre property in Findlay, Ohio suitable for a data center ("Findlay Property").  On September 26, 2024, Hancock entered into a 15-year lease on the Findlay Property.

16.     In order to ensure that the necessary infrastructure was onsite at the Findlay Property, Hancock entered into the Turnkey Agreement, a construction agreement with defendant Solvenz pursuant to which Solvenz agreed to construct a "turnkey," i.e., a fully operational and ready-to-use facility on the Findlay Property.

17.     Pursuant to Section 1 of the Turnkey Agreement ("Turnkey Construction") the parties agreed that Solvenz would "construct, procure, and install" certain assets (the "Fixed Assets") on or before the dates specified in the Turnkey Agreement.  The Turnkey Agreement defines Fixed Assets as the assets for which Solvenz is identified as the responsible party, or the responsible party is identified as "N/A," in the detailed bill of materials ("BOM") attached to the Turnkey Agreement.

18.     As specified in the BOM, the Fixed Assets included both assets already on site at the Findlay Property as part of an existing substation and assets not yet on site and for which procurement, delivery, and installation was required.

19.     Solvenz selected Hypertec as the relevant vendor and supplier to facilitate procurement of the Fixed Assets.

20.     Pursuant to Section 2 of the Turnkey Agreement ("Turnkey Price") the parties agreed that Hancock would pay invoices associated with the cost of completing the Turnkey Construction up to $35,000,000, including a 20% markup paid to Solvenz as the general contractor.

21.      The Turnkey Agreement requires Solvenz to deliver to Hancock copies of invoices (in the name of Solvenz, Hypertec, or Hancock) for Turnkey Construction work together with other documentation relating to such work that is reasonably requested by Hancock.

22.      In exchange for its substantial payments, Hancock was entitled to receive a turnkey facility with Fixed Assets installed on the property which were the sole property of Hancock, free and clear of any liens or other encumbrances.

23.      On October 7, 2024, Solvenz delivered to Hancock an invoice for equipment that was issued by Hypertec. Following receipt of this invoice, Hancock contacted Hypertec to discuss the details of the equipment purchase and to request that the invoice be issued directly to Hancock. Hancock and Hypertec discussed whether a stock work agreement was needed for memorialization of the parties' agreement as to their respective rights and obligations, and determined that it was unnecessary. Hypertec represented that it was "comfortable with the scope and what needs to be done" and Hancock agreed to proceed, writing "send me an updated invoice and we'll send the $."

24.      Later that day, Defendant Hypertec delivered to Hancock the requested invoice (the "Hypertec Invoice"). The Hypertec Invoice was addressed to Hancock and specifies the material terms of its contract with Hancock, including: invoice number, date of issuance, description of the goods, unit price for the goods, the total amount owed, and the payment terms.

25.      The Hypertec Invoice sought $23,803,516.12 in exchange for the following equipment (each of which had a specified price):

Item Code Description

5

Power Transformer 120MVA (QTY:1)

Stepdown Transformer 3MVA (QTY:71)

HV and LV Cables (QTY:1)

Existing Substation and base infra for

expansion

26.     The equipment itemized in the Hypertec Invoice are Fixed Assets listed in the BOM.

27.     On October 10, 2024, Hancock wired $23,803,516.12 to Hypertec in full satisfaction of the Hypertec Invoice.  On October 11, 2024, Hypertec confirmed receipt of that payment.

28.     On October 24, 2024, Solvenz delivered to Hancock an invoice, dated October 22, 2024, seeking payment of $4,760,703.22 for professional services in connection with the equipment purchased from Hypertec (the "Solvenz Invoice").  The Solvenz Invoice indicated that it was a "Findlay, Ohio Margin Payment (20%)," in other words, Solvenz's contractual markup for the payment to Hypertec for equipment.

29.     Pursuant to the Turnkey Agreement, Hancock wired $4,760,703.22 to Solvenz on October 31, 2024.  On November 1, 2024, Solvenz confirmed receipt of that payment.

30.     Notwithstanding Hancock's full compliance with its contractual obligations, and its timely payment, both Solvenz and Hypertec have simply failed to deliver on their obligations.

31.     Solvenz did not deliver to Hancock a turnkey facility and has not abided by its obligations under the Turnkey Agreement.  Specifically, for the Fixed Assets on site at the

6

Findlay Property, Solvenz has not delivered title such that they are the sole property of Hancock free and clear of any encumbrances, as required by the Turnkey Agreement.   Solvenz has also failed to construct, procure, and install Fixed Assets for which delivery was required pursuant to the BOM.

32.     Hypertec has also failed to abide by the terms of its agreement with Hancock. It has not delivered the equipment Hancock bargained and paid for.  Specifically, Hypertec has not delivered to Hancock both physical possession and title to the equipment listed in the Hypertec Invoice, notwithstanding that Hancock fully paid for all of the equipment.

33.     Hancock has repeatedly endeavored to persuade Solvenz and Hypertec to make good on their agreements.  Defendants have steadfastly refused.

34.     Hancock has been harmed by Hypertec's and Solvenz's material breaches of their agreements.  Hancock does not possess the equipment or facility for which it bargained, and for which it paid more than $28.5 million.  That alone is a breach requiring remedy.  But in addition, operating a data center is highly energy-intensive.  And as a result of Solvenz's and Hypertec's breaches, Hancock was prevented from drawing and utilizing available energy, resulting in decreased capacity and decreased profits.  Harm from Hancock's inability to harness sufficient energy in the absence of performance under the Turnkey Agreement is ongoing, substantial, and will only increase.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (Against Solvenz)

35.     Hancock repeats and realleges the foregoing allegations as if they were fully stated herein.

7

36.     The Turnkey Agreement is a valid and binding contract between Hancock and Solvenz.

37.     Hancock performed all of its obligations under the Turnkey Agreement.

38.     By failing to construct, procure, and install the Fixed Assets and deliver to Hancock a turnkey facility, Solvenz has breached the Turnkey Agreement, including its express terms and the implied covenant of good faith and fair dealing.

39.     As a result of Solvenz's breach of the Turnkey Agreement, Hancock has suffered damages in an amount to be proven at trial, but in no event less than $28,564,219.34, plus additional harm to Hancock's business, including lost profits, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Breach of Contract
### (Against Hypertec)

40.     Plaintiff repeats and realleges the foregoing allegations as if they were fully stated herein.

41.     A valid and binding contract existed between Hancock and Hypertec as memorialized by the Hypertec Invoice, Hancock's payment to Hypertec, and the parties' correspondence.

42.     By paying Hypertec $23,803,516.12, Hancock performed its obligations under the contract.

43.     By failing to deliver the invoiced assets and equipment to Hancock, Hypertec breached the contract, including its express terms and the implied covenant of good faith and fair dealing.

8

44.	As a result of Hypertec's breach, Hancock has suffered damages in an amount to be proven at trial, but in no event less than $23,803,516.12, in addition to harm to Hancock's business, including lost profits, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### Unjust Enrichment
### (Against Hypertec)

45.	Hancock repeats and realleges the foregoing allegations as if they were fully stated herein.

46.	Hancock is entitled to recover from Hypertec under the doctrine of unjust enrichment if it is determined that a valid and enforceable contract does not exist between Hancock and Hypertec or the existing contract is void, invalid, or unenforceable.

47.	Hancock provided Hypertec with $23,803,516.12 in full satisfaction of the Hypertec Invoice.

48.	Hypertec was enriched by Hancock's $23,803,516.12 payment.

49.	Hypertec was aware and had knowledge that Hancock was not providing the payment gratuitously, but in exchange for the invoiced assets and equipment.

50.	Hancock has demanded prompt repayment of the amount, including by letter dated August 12, 2025.

51.	Hypertec has accepted and retained the amount paid by Hancock inequitably and at Hancock's expense, but has not provided all of the equipment specified and title to same to Hancock.

52.	If Hypertec is determined not to have any contractual obligation to Hancock, there will be no remedy at law against Hypertec to cure the unjust enrichment resulting from Hancock's payment.

9

53. As a result of Hypertec's retention of the amount paid, Hancock has suffered damages in an amount to be proven at trial, but in no event less than $23,803,516.12.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Hancock respectfully requests that the Court:

A. Award Hancock damages resulting from defendants' unlawful conduct in an amount to be proven at trial, but in no event less than $28,564,219.34;

B. Award to Hancock its costs and attorneys' fees in this action;

C. Award Hancock interest, including pre-judgment interest, on the foregoing sums; and

D. Such other relief as the Court deems just and proper.

Dated: December 19, 2025

Respectfully submitted,

/s/ *Edward G. Babbitt*
Edward G. Babbitt
Bar Number 101610
Daniela A. Foltz
Bar Number 105763
Attorneys for Plaintiff Hancock
Leasing Company LLC
THOMPSON HINE LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
P: 513.352.6700
Ned.Babbitt@ThompsonHine.com
Daniela.Foltz@thompsonhine.com
F: 513.241.4771

/s/ *Andrew J. Ehrlich*
Andrew J. Ehrlich (*pro hac vice application forthcoming*)
Phoebe H. King (*pro hac vice application forthcoming*)
Attorneys for Plaintiff Hancock
Leasing Company LLC

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
P: 212.373.3000
aehrlich@paulweiss.com
pking@paulweiss.com
F: 212.757.3990